# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRICK POMMEROY HOUSTON JR., | Case No. 2:20-cv-01532-APG-NJK |
| Plaintiff, | ORDER |
| v. | |
| JAMES DZURENDA, et al., | |
| Defendants. | |

Plaintiff Brick Pommeroy Houston Jr. is a prisoner proceeding *pro se*. On August 18, 2020, Houston submitted a civil rights complaint under 42 U.S.C. § 1983 and an incomplete application to proceed *in forma pauperis*. ECF Nos. 1, 1-1.  He later filed a fully complete application to proceed *in forma pauperis*. ECF No. 4.  However, on at least three occasions, the court has dismissed civil actions commenced by Houston while in detention as malicious or for failure to state a claim upon which any relief may be granted.[1]

If a "prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

---

[1] *See Houston v. McGinnis, et al.*, 1:92-cv-280-RHB-JGS (W.D. Mich. 1992) (complaint dismissed as frivolous on May 11, 1992); *Houston v. Vidor, et al.*, 4:92-cv-35-BFG-HWB (W.D. Mich. 1992) (complaint dismissed as frivolous on April 24, 1992); and *Houston v. Skulnick, et al.*, 3:07-cv-00459-BES-VPC (D. Nev. 2007) (complaint dismissed for failure to state a claim on October 23, 2007); *see also Houston v. Sgt Downey, et al.*, 2:20-cv-01531-GMN-NJK, ECF No. 12, (D. Nev. 2020) (denying Houston's application to proceed *in forma pauperis* on the grounds that on at least three occasions, the court has dismissed civil actions commenced by Houston while in detention as malicious or for failure to state a claim upon which any relief may be granted).  I take judicial notice of the court's prior records in those matters.  I also note that, under *Tierney v. Kupers*, 128 F.3d 1310 (9th Cir. 1997), actions dismissed for frivolity, maliciousness, or for failure to state a claim prior to the effective date of the Prison Litigation Reform Act of 1996 are included in the 28 U.S.C. § 1915(g) calculation for three strikes. *Id.* at 1311.

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis*, and instead must pay the full $400.00[2] filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In this case, Houston alleges that a correctional officer conducted excessive searches and sexually harassed him in the spring and summer of 2018. *See generally* ECF No. 1-1.  These allegations fail to plausibly allege that Houston is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing).  Therefore, Houston must pre-pay the $400.00 filing fee in full.

## I.   CONCLUSION

I therefore order that Houston's application to proceed *in forma pauperis* (ECF No. 4) is denied.

I further order that this action will be dismissed without prejudice unless Houston pays the $400.00 filing fee in full **by July 13, 2021**.

I further order the Clerk of the Court to send Houston two copies of this order.  Houston shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

////

////

////

---

[2] I note that that the filing fee for civil cases increased from $400 to $402 on December 1, 2020. But because Houston initiated this action on August 18, 2020, he is subject to the previous $400 filing fee.

I further order the Clerk of the Court to retain the complaint and the amended complaint (ECF Nos. 1-1, 6) but not file them until the matter of the filing fee is resolved.

DATED THIS 9th day of June, 2021.

_____
UNITED STATES DISTRICT JUDGE

3