UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRICK POMMEROY HOUSTON JR., | Case No. 2:20-cv-01532-APG-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| JAMES DZURENDA, et al., | |
| Defendants. | |

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by Brick Pommeroy Houston Jr. On June 9, 2021, I denied Houston's application to proceed *in forma pauperis* because he had "three strikes" under 28 U.S.C. § 1915(g). ECF No. 7. I informed Houston that if he did not pay the $400.00 filing fee in full by July 13, 2021, I would dismiss this action without prejudice. *Id.* at 2. That deadline has passed and Houston has not paid $400.00 filing fee or otherwise responded to my order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming

dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for these reasons, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal.  The third factor (risk of prejudice to defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a warning to a party that his failure to obey an order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  My order requiring Houston to pay the filing fee expressly stated "that this action will be dismissed without prejudice unless Houston pays the $400.00 filing fee in full **by July 13, 2021.**" ECF No. 7 at 2.  Thus, Houston had adequate warning that dismissal would result from his noncompliance with my order.

I therefore order that this action is dismissed without prejudice based on Houston's failure to pay the $400.00 filing fee in compliance with my order.

I further order the Clerk of Court to enter judgment accordingly.

DATED THIS 21st day of July 2021.

_____
United States District Court